## RYAN AND REAM CATTLE COMPANY, RESPOND-ENT, *v.* SAMUEL N. SLAUGHTER, APPELLANT.

JUDGMENT.—VERDICT.—AMENDMENT OF JUDGMENT.—Judgment was entered for defendant upon the verdict for the sum of $1,364.70, and thereupon the plaintiff moved for a new trial. While this motion was pending and undetermined, the Court, upon motion of the plaintiff, amended the judgment so as to correspond with the verdict; *held*, this was not error.

ID.—ID.—AMBIGUITY.—The jury returned a verdict for the defendant in an action of replevin, brought against the county collector, to recover certain cattle levied upon for taxes. The evidence showed that pending the action the plaintiff had paid the amount of the taxes, $1,033.80, and costs of levy, $306.50. The verdict read: " We, the jury, find for the defendant and assess his damages at $24.00 over and above what has been paid in tax receipt; *held*, that the verdict meant that the jury found $24.00 damages for the defendant.

NEW TRIAL.—RECORD.—INSTRUCTIONS.—Where the record does not contain all the instructions given in the court below, it will be assumed upon appeal from order denying a new trial, that the charge given was correct, and instructions will not be reviewed.

COLLECTION OF TAXES.—ATTORNEY'S FEES.—*Semble*, in a suit of replevin against collector, where the defendant justifies under a levy as County Collector and claims damages for costs and expenses and attorney's fees, the plaintiff is not liable for the defendant's attorney's fees, because under Comp. Laws, 1888, Sec. 134, it is the duty of the county attorney to appear for the defendant in the action.

APPEAL from a judgment of the district court of the second district and from an order denying a new trial.

The verdict was rendered and judgment entered at the December term, 1887, and the amendment was allowed at the March term, 1888. The record in the case was destroyed by fire in the year 1888, and the record that came up was fragmentary in regard to the pleadings and the instructions of the court. It does not appear whether defendant set up a counter claim or not, or asked for

affirmative relief, but it seems that he did. The remaining facts are found in the opinion.

*Mr. Presley Denny* for the appellant.

*Mr. John M. Zane* for the respondent.

ANDERSON, J.:

The defendant, as assessor and collector of Beaver county, in the month of November, 1886, levied on 114 head of cattle belonging to the plaintiff to satisfy a claim against the plaintiff for delinquent taxes for the year 1886, amounting to $1,033.80. Within a few days thereafter plaintiff began this action to recover possession of said cattle, and obtained possession thereof, and retained such possession. The defendant alleged in his answer that he levied on the cattle as assessor and collector for Beaver county, to satisfy a claim for delinquent taxes against the plaintiff, and also claiming damages in the sum of $850 from the plaintiff for unlawfully taking said cattle from him and detaining them, and for expense in levying on and keeping them. Before the cause was tried plaintiff paid to the defendant the full amount of the taxes, $1,033.80, and $306.50 for fees and expenses in making the levy on the cattle, and for attorney's fees. The cause was tried to a jury, and a verdict was returned in favor of the defendant in words and figures, viz.: "We, the jury, find for the defendant, and assess his damages at twenty-four ($24.00) dollars over and above what has been paid in tax receipt." Upon this verdict the court rendered judgment as follows: "And whereas, the amount mentioned in the tax receipt was $1,340.70, now, by virtue of the law and the premises, it is ordered and adjudged that the defendant have and recover from plaintiff the sum of $1,364.70, and costs and disbursements herein, amounting to fifty-five dollars." Plaintiff moved for a new trial, and while the motion was pending and undisposed of, the court, on motion of plaintiff, modified its judgment so as to conform to the verdict, by reducing the judgment to $24 and costs. Thereupon the defendant

moved the court for a new trial, which was overruled, and defendant brings this appeal. After defendant's bill of exceptions was filed, the pleadings and record in the case were destroyed by fire, and what purports to be the transcript filed in this court, though by agreement of counsel to be taken as correct, is so imperfect and incomplete as to render it nearly impossible for this court to intelligently determine the questions raised by the appeal.

The modification of the judgment, as first entered by the court, is assigned as error. We think there was no error in this action of the court. Although the verdict is a peculiar one, and somewhat ambiguous, we think the verdict shows it was the intention of the· jury to render a verdict in favor of the defendant for $24 only; that they found this amount to be still due defendant in addition to the full amount of taxes, and more than $300 besides, which had been paid defendant by plaintiff. It is assigned as error, and contended in argument, that the court erred in its instructions to the jury; but as only a part of the court's instructions were saved from the fire, and set out in the transcript, we are unable to determine whether, taken as a whole, the instructions were erroneous or not, and therefore assume they were correct. A careful reading of the substituted record, and especially the testimony of the defendant, satisfies us that there was nothing in the conduct of the trial, or in the result, of which he can justly complain. He testified at the trial that his fees and expenses in levying on the cattle were "about $250;" that, in addition thereto, he had paid, or was liable to pay, attorney's fees, and "additional attorney's fees," amounting to $250 more; that plaintiff had paid him since the suit was begun all the taxes, and $306.90 besides, which, with the verdict of $24, made $330.90 for fees and expenses. When required to give the items of his bill for fees and expenses, they only amounted to $177.20, exclusive of attorney's fees, which would leave in his hands, in addition to the amount necessary to satisfy defendant's claim for taxes and all fees and expenses, $153.70 received from plaintiff more than was due him, and available as attorney's fees, if he chose so to apply it. Plaintiff was

not liable to defendant for his attorney's fees, nor was the defendant required to incur any such expense. The county of Beaver was interested in these taxes, and it was the duty of the county prosecutor to appear in said action for the defendant. 1 Comp. Laws, 1888, p. 284, Sec. 134. The judgment of the district court is affirmed.

HENDERSON, J., and JUDD, J., concurred.